UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BRYANT HO, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:14-CV-0533-B |
| | § | |
| XPRESS PHO, LLC and TUAN PHAM, | § | |
| | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff Bryant Ho's Motion for Default Final Judgment (doc. 12), filed September 5, 2014. For the reasons that follow, the Court concludes that Plaintiff's motion should be, and hereby is, **DENIED**.

## I.

## BACKGROUND

Plaintiff originally filed this suit against Defendants Xpress Pho, LLC and Taun Pham (collectively, "Defendants") for minimum wage violations under the Fair Labor Standards Act ("FLSA") on February 12, 2014. Doc. 1, Complaint. Plaintiff alleges that he was employed by Defendants as a cashier from approximately June 2012 through February 2014, during which time Defendants failed to pay him minimum and overtime wages for some of the hours he worked in violation of the FLSA. Doc. 5, Am. Compl. ¶¶ 8–12. Based on these allegations, Plaintiff seeks damages from Defendants in the amount of his unpaid wages, plus liquidated damages, attorney's fees, and costs under 29 U.S.C. § 216(b). *Id.* ¶¶ 13–15.

Plaintiff served Defendants with a copy of his Amended Complaint and summons on June 23, 2014. *See* docs. 7–8, Returns of Service. Despite having received such process, however, Defendants failed to answer or otherwise respond within the time allowed. Consequently, on August 20, 2014, the Clerk of the Court entered a default against Defendants. Doc. 11, Entry of Default.

Thereafter, on September 5, 2014, Plaintiff filed the present motion asking the Court to enter a default judgment in her favor and to award her $16,182.88 in unpaid wages, plus liquidated damages and attorney's fees. Doc. 12, Motion for Default Judgment.

## II.

## LEGAL STANDARD

Under Rule 55 of the Federal Rules of Civil Procedure, federal courts have the authority to enter a default judgment against a defendant who has failed to plead or otherwise defend upon motion of the plaintiff. Fed. R. Civ. P. 55(a)–(b). That being said, "[d]efault judgments are a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations." *Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989). A party is not entitled to a default judgment merely because the defendant is technically in default. *Ganther v. Ingle*, 75 F.3d 207, 212 (5th Cir. 1996). "Rather, a default judgment is generally committed to the discretion of the district court." *United States v. 1998 Freightliner Vin #: 1FUYCZYB3WP886986*, 548 F. Supp. 2d 381, 384 (W.D. Tex. 2008) (citing *Mason v. Lister*, 562 F.2d 343, 345 (5th Cir. 1977)).

In determining whether a default judgment should be entered against a defendant, courts have developed a three-part analysis. *See, e.g., 1998 Freightliner Vin #: 1FUYCZYB3WP886986*, 548 F. Supp. 2d at 384. First, courts consider whether the entry of default judgment is procedurally warranted. *See Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998). The factors relevant to this

inquiry include:

> [1] whether material issues of fact exist; [2] whether there has been substantial prejudice; [3] whether the grounds for default are clearly established; [4] whether the default was caused by a good faith mistake or excusable neglect; [5] the harshness of a default judgment; and [6] whether the court would think itself obliged to set aside the default on the defendant's motion.

*Id.*

Second, courts assess the substantive merits of the plaintiff's claims and determine whether there is a sufficient basis in the pleadings for the judgment. *See Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) (noting that "default is not treated as an absolute confession by the defendant of his liability and of the plaintiff's right to recover."). In doing so, courts are to assume, that due to its default, defendant admits all well-pleaded facts in the plaintiff's complaint. *Id.* However, "defendant is not held to admit facts that are not-well pleaded or to admit conclusions of law." *Id.*; *see also Wooten v. McDonald Transit Associates, Inc.*, 775 F.3d 689, 696 (5th Cir. 2015) (concluding that plaintiff's complaint was not "well-pleaded" for default judgment purposes where his few factual allegation were "inextricably bound up with legal conclusions").

Third, courts determine what form of relief, if any, the plaintiff should receive. *See, e.g., 1998 Freightliner Vin #: 1FUYCZYB3WP886986*, 548 F. Supp. 2d at 384. Normally damages are not to be awarded without a hearing or a demonstration by detailed affidavits establishing the necessary facts. *See United Artists Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir. 1979). However, if the amount of damages can be determined with mathematical calculation by reference to the pleadings and supporting documents, a hearing is unnecessary. *James v. Frame*, 6 F.3d 307, 310 (5th Cir. 1993).

# III.

# ANALYSIS

Applying this three-part analysis, the Court ultimately concludes that while procedurally warranted, Plaintiff has not provided a sufficient factual basis in his Amended Complaint to entitle him to default judgment against Defendants on his claim for unpaid wages under the FLSA. Moreover, Plaintiff has failed to provide adequate evidence to substantiate the number of unpaid hours that he worked.

A.    *Whether Default Judgment is Procedurally Warranted*

The Court begins its analysis of Plaintiff's Motion by observing that all six *Lindsey* factors are satisfied in this case. First, Defendants have not filed any responsive pleadings. Consequently, there are no material facts in dispute. *Lindsey*, 161 F.3d at 893; *Nishimatsu Constr.*, 515 F.2d at 1206 (noting that "[t]he defendant, by his default, admits the plaintiff's well-pleaded allegations of fact."). Second, Defendants' "failure to respond threatens to bring the adversary process to halt, effectively prejudicing Plaintiff's interests." *Ins. Co. Of W.*, 2011 WL 4738197, at *3 (citing *Lindsey*, 161 F.3d at 893). Third, given that Defendants have had almost ten months now to file an answer or explain their reticence to do so, the grounds for default are clearly established. *Cf. Elite v. The KNR Group*, 216 F.3d 1080 (Table), 2000 WL 729378, at *1 (5th Cir. May 19, 2000) (per curiam) (holding default judgment to be inappropriate where defendant sent letter to court explaining his failure to appear was due to financial privation). Fourth, there is no evidence before the Court to indicate that Defendants' silence is the result of a "good faith mistake or excusable neglect." *Lindsey*, 161 F.3d at 893. Fifth, Plaintiff only seeks the relief to which he is entitled under the FLSA, mitigating the harshness of a default judgment against Defendants. Finally, the Court is not aware of any facts that

would give rise to "good cause" to set aside the default if challenged by Defendants. *See id.* Therefore, the Court concludes that default judgment is procedurally warranted.

B.      *Whether There is a Sufficient Basis for Judgment in the Pleadings*

While procedurally warranted, however, the Court finds that there is insufficient factual support in Plaintiff's Amended Complaint to enter default judgment for Plaintiff on his claims for unpaid minimum and overtime wages under the FLSA. To establish a claim for unpaid minimum or overtime wages under the FLSA, the plaintiff must prove that he or she was an employee "engaged in commerce or in the production of goods for commerce," or "employed in an enterprise engaged in commerce or in the production of goods for commerce." 29 U.S.C. §§ 206(a) & 207(a). The plaintiff must also establish that the defendant was his or her "employer" within the meaning of the FLSA. *See id.*

The FLSA defines an "enterprise engaged in commerce or in the production of goods for commerce" as one that

> (A)(i) has employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and
>
>> (ii) is an enterprise whose annual gross volume of sales made or business done is not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated);

*Id.* § 203(s)(1). The FLSA does not define what it means for an employee to be "engaged in commerce," but the Fifth Circuit has adopted a" practical test" for making such a determination, which asks "whether the work is so directly and vitally related to the functioning of an instrumentality or facility of interstate commerce as to be, in practical effect, a part of it, rather than isolated local activity." *Sobrinio v. Med Ctr. Visitor's Lodge, Inc.*, 474 F.3d 828, 829 (5th Cir. 2007)

(per curium) (quoting *Mitchell v. H.B. Zachry Co.*, 362 U.S. 310, 324 (1960).

The FLSA defines an "employer" broadly to include "any person acting directly or indirectly in the interest of an employer in relation to an employee." *Id.* § 203(d). To determine whether a person or corporation is an employer under the FLSA, courts in the Fifth Circuit examine the totality of the employment relationship in light of "economic realities." *Williams v. Henagan*, 595 F.3d 610, 620 (5th Cir. 2010); *Wirtz v. Lone Star Steel Co.*, 405 F.2d 668, 669 (5th Cir. 1968). The "economic reality" test requires courts to inquire into whether the alleged employer "(1) possessed the power to hire and fire employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records." *Id.* Under the economic reality test, a corporate officer may be an employer within the meaning of the FLSA (and thus jointly and severally liable along with the corporation) if he or she exercises "'managerial responsibilities' and 'substantial control of the terms and conditions of the [employer's] work'" *Donovan v. Grim Hotel Co.*, 747 F.2d 966, 971–972 (5th Cir. 1984) (quoting *Falk v. Brennan*, 414 U.S. 190, 195 (1973)).

In this case, Plaintiff has not pleaded any facts to establish that he was an "employee engaged in commerce or in the production of goods for commerce" or "employed in an enterprise engaged in commerce or in the production of goods for commerce." Absent from his Amended Petition are any allegations regarding the types of activities that he or other employees at Xpress Pho were engaged in during the term of his employment, the types of goods or materials that they handled, or whether Plaintiff's work for Xpress Pho related to the functioning of an instrumentality or facility of commerce. Also, Plaintiff has not alleged that Xpress Pho had gross annual sales of more than $500,000. Rather, Plaintiff has merely copied, word for word, the FLSA's definition of "enterprise

engaged in commerce" into his Amended Complaint and alleged in conclusory fashion that Xpress

Pho is such an enterprise. *Wooten*, 775 F.3d at 696 (finding that plaintiff's complaint was not "well-

pleaded" for default judgment purposes where it merely "parrot[ed] the language" of the statute

creating liability).

Finally, Plaintiff has failed to plead any facts to support his claim that Defendant Tuan Pham

was an "employer" within the meaning of the FLSA, such as Mr. Pham's title or position at Xpress

Pho, LLC (i.e., whether he was a corporate officer), his power to fire and hire employees, the nature

and degree of control that he had over Plaintiff's work schedule or conditions of employment, or his

maintenance of employment records. Rather, Plaintiff's Amended Complaint merely echoes the

FLSA's definition of an employer, stating in conclusory fashion that Mr. Pham was an employer

because he "acted directly or indirectly in the interest of Defendant XPRESS PHO, LLC in relation

to Plaintiff's employment and was substantially in control of the terms and condition of the Plaintiff's

work." Am. Compl. ¶ 5. As such, the Court cannot find a sufficient basis in Plaintiff's Complaint to

hold Mr. Pham liable for failing to pay Plaintiff a minimum wage. *See Nishimatsu*, 515 F.2d at 1206

(holding that "defendant is not held to admit facts that are not-well pleaded or to admit conclusions

of law").

For the above reasons, the Court concludes that Plaintiff's complaint is not well-pleaded for

default judgment purposes.

C.     *Damages*

Moreover, Plaintiff has failed to provide adequate evidence to substantiate the number of

unpaid hours that he worked, other than his own terse declaration. Lacking are any time sheets, pay

stubs, work logs, or other evidence to substantiate the length of his employment, hourly rates, or the

hours he worked. *See Luster v. Desoto Kwik Kar, Inc.*, 2013 WL 6164294 *3 (N.D. Tex. 2013); *cf. Gibbs v. Parr Mgmt., LLC*, No. 3:12-CV-4474-L, 2013 WL 2355048 (N.D. Tex. May 29, 2013) (plaintiff provided detailed affidavit listing dates and work hours to support overtime claim); *Bell v. Able Sec. & Investigations, Inc.*, No. 3:10-CV-1945-L, 2011 WL 2550846, at *1 (N.D. Tex. June 28, 2011) (plaintiff provided timekeeping records to support overtime claim); *Bullion v. Transtec Sys., Inc.*, No. 07-61463-CIV, 2008 WL 4218119, at *2 (S.D. Fla. Sept. 15, 2008) (plaintiff "submitted detailed affidavit to establish claimed damages"); *Carazani v. Zegarra*, No. 12-107 (RC), 2013 WL 5303492, at *7 (D.D.C. July 3, 2013) (plaintiff provided employment contract, prevailing wage determination policy guidance from Employment and Training Administration, prevailing wage rates for housekeepers in area, FLSA minimum wage for that period, and weekly tabulation of hours she worked to support her claims).

## IV.

## CONCLUSION

For the above-stated reasons, the Court **DENIES without prejudice** Plaintiff's Motion for Default Judgment (doc. 12). Should Plaintiff choose to re-file his motion, he must first amend his complaint, **by no later than May 12, 2015**, to address the deficiencies detailed in this order. Plaintiff should then serve a copy of his amended complaint on Defendants. If Defendants do not answer or otherwise respond to Plaintiff's amended complaint within the time allowed under the Federal Rules of Civil Procedure, then Plaintiff may again move for default judgment following the procedures outlined in Rule 55. Plaintiff should include along with his motion for default judgment any and all time sheets, pay stubs, work logs, or other evidence that he may have to substantiate the length of his employment, hourly rates, or the hours he worked, or provide an affidavit explaining why he is

unable to supply the requested documents. Failure to comply with any of these requirements may result in Plaintiff's lawsuit being dismissed without prejudice.

SO ORDERED.

Dated: April 20, 2015.

JANE J. BOYLE
UNITED STATES DISTRICT JUDGE